# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PEDRO MARTINEZ**
    **Petitioner-defendant,**

  v.                          **Case No. 16-C-0809**
                                  **(Criminal Case No. 98-CR-104)**

**UNITED STATES OF AMERICA**
    **Respondent-plaintiff.**

## RULE 4 ORDER

A jury convicted petitioner Pedro Martinez of racketeering, 18 U.S.C. § 1962(c), racketeering conspiracy, 18 U.S.C. § 1962(d), and conspiracy to distribute controlled substances, 21 81 846. The jury specifically found him guilty of the following predicate acts of racketeering: conspiracy to murder Angelique Morales, murder of Angelique Morales, attempted murder of Jennifer Brezynski, soliciting the murder of Javier Salgado, intimidation of Javier Salgado to prevent testimony, and conspiracy to distribute cocaine and marijuana.

On April 3, 2001, I sentenced petitioner to life in prison on the racketeering counts and 20 years in prison on the drug trafficking count. The Seventh Circuit affirmed petitioner's convictions on direct appeal but ordered a limited remand of the sentence. United States v. Olson, 450 F.3d 655 (7th Cir. 2006). After I indicated that I would impose the same sentence under advisory guidelines, the court of appeals affirmed the sentence as well. United States v. Martinez, 232 Fed. Appx. 589 (7th Cir. 2007).

On June 27, 2016, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides a basis for attacking a federal sentence on the grounds that

"the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of such motions:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). Likewise, the court may deny the motion summarily if "the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995); see also Gray-Bey v. United States, 156 F.3d 733, 739 (7th Cir. 1998) (holding that a § 2255 motion must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions).

In his motion, petitioner raises a single ground for relief:

Movant's sentence violates Due Process principles in light of Johnson v. United States, [135 S. Ct. 2551] (2015).

Movant was convicted and sentence[d] based on a RICO conspiracy with several predicate offenses which are characterized as crimes of violence. Consequently, in light of the Supreme Court decision in Johnson v. United States, [135 S. Ct. 2551] (2015), movant's sentence is open to collateral attack and the enhancement factors used to increase his sentence violate due process principles. Moreover, during the most serious predicate acts in the RICO

2

conspiracy movant was incarcerated and is actually innocent of the RICO charges, as well as those alleged when he was not incarcerated.

(Motion [R. 1] at 4-5.)

In Johnson, the Supreme Court struck down as unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act's definition of the term "violent felony. 135 S. Ct. at 2563. Johnson applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016); see also 28 U.S.C. § 2255(f)(3).

However, petitioner was not convicted under the ACCA. While courts have held that Johnson applies to the residual clause of similar "crime of violence" provisions, see, e.g., United States v. Pawlak, No. 15-3566, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016) (career offender guideline); United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) (18 U.S.C. § 16(b)), petitioner fails to explain how Johnson impacts his racketeering sentences. That a defendant committed violent crimes does not necessarily mean his sentence is subject to attack under Johnson. See Stanley v. United States, No. 15-3728, 2016 U.S. App. LEXIS 12182 (7th Cir. June 27, 2016) (discussing the limits of Johnson). RICO predicates are enumerated in 18 U.S.C. § 1961(1), which does not contain a residual clause; nor do the applicable sentencing guidelines, see U.S.S.G. §§ 2A1.1 (murder), 2A2.1 (attempted murder), 2A1.5 (solicitation to commit murder), 2D1.1 (drug distribution); see also U.S.S.G. § 2E1.1(a)(2) (basing offense level on underlying racketeering activity).

Finally, petitioner's bald claim of innocence of the RICO charges is insufficient to warrant further proceedings. See Saunders v. United States, No. 13 C 8399, 2014 U.S. Dist. LEXIS 6132, at *6-7 (N.D. Ill. Jan. 17, 2014) (discussing the heavy burden a petitioner faces in bringing an actual innocence claim under § 2255). Petitioner presents no affidavit or other

evidence in support this claim, see id. at *7 (citing Hayes v. Battaglia, 403 F.3d 935, 938 (7th Cir. 2005); Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006)), and the record shows that petitioner was present for the murder of Morales and attempted murder of Brezynski (PSR ¶¶ 27-37), and that while imprisoned he sought to have Salgado, a cooperating witness, killed (PSR ¶¶ 51-55).

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin this 11th day of July, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge